# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEVEN J. HEAPS,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-15-0278-X-1 |
|              v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>              Agency. | DATE: January 22, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Steven J. Heaps, Apple Valley, California, pro se.

Lierre M. Green, Esquire, Los Angeles, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      On August 7, 2015, the administrative judge issued a compliance initial decision finding the agency noncompliant with the final order in the underlying appeal. *Heaps v. Department of Transportation*, MSPB Docket No. SF-0752-15-0278-C-1, Compliance File, Tab 11, Compliance Initial Decision (CID). For the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2     On March 23, 2015, the administrative judge issued an initial decision in MSPB Docket No. SF-0752-15-0278-I-1, dismissing the appellant's removal appeal as settled. *Heaps v. Department of Transportation*, MSPB Docket No. SF-0752-15-0278-I-1, Initial Appeal File, Tab 13, Initial Decision (ID). The administrative judge noted that the Board would retain jurisdiction over the matter for enforcement purposes. ID at 2. The initial decision became final after neither party petitioned for review.

¶3     On April 27, 2015, the appellant filed a petition for enforcement. He asserted that the agency was not paying him the salary agreed upon in the settlement agreement. CID at 2. The agency responded that the settlement should be voided "by reason of mutual mistake." *Id.*

¶4     On August 7, 2015, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the settlement agreement. CID at 10. The administrative judge ordered the agency to adjust the appellant's annual salary to $67,388.00 and to pay him appropriate back pay, interest, and benefits. CID at 11.

¶5     On September 15, 2015, the Board issued an acknowledgement order instructing the agency to submit evidence of compliance with the initial decision. Compliance Referral File (CRF), Tab 1 at 3. The Board also advised the appellant that if he failed to submit a response to the agency's filing within 20 days, the Board might assume he was satisfied and dismiss his petition for enforcement. *Id.*

¶6      On September 30, 2015, the agency filed evidence of purported compliance. CRF, Tab 2. The appellant did not file a response. Because the agency has filed evidence of purported compliance and the appellant has not responded, we assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　　　_____
　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.